IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

_____
                                                      )
CAREMATRIX CORPORATION, et al.            )        Chapter 11
                                                      )        Case Nos. 00-4159 (KJC)
                          Debtors.                )           through 00-4168 (KJC)
                                                      )              and 01-1635 (KJC)
                                                      )
_____)        Jointly Administered
                                                      )
CAREMATRIX CORPORATION,                   )
                                                      )
                          Plaintiff,                 )        Adv. P. No. 02-_____ (KJC)
                                                      )
                          v.                          )
                                                      )
THIRD AVENUE VALUE FUND, THIRD         )
AVENUE REAL ESTATE VALUE FUND,          )
THIRD AVENUE TRUST, MJ WHITMAN LLC,   )
MJ WHITMAN, INC.                              )
ARGENT CLASSIC CONVERTIBLE              )
ARBITRAGE FUND LIMITED PARTNERSHIP,   )
ARGENT FINANCIAL GROUP, INC., ARGENT   )
CLASSIC CONVERTIBLE ARBITRAGE FUND    )
(BERMUDA) L.P., CREDIT SUISSE FIRST     )
BOSTON, FIRST BOSTON CORPORATION,       )
DLJ SECURITIES CORPORATION, SALOMON    )
SMITH BARNEY, MELLON BANK                 )
CORPORATION, BOSTON SAFE DEPOSIT        )
AND TRUST, BANKERS TRUST, BEAR           )
STEARNS,                                        )
CUSTODIAL TRUST COMPANY, BARCLAYS     )
CAPITAL, INC., BARCLAYS GLOBAL           )
INVESTORS, LEHMAN BROTHERS, PRIME       )
BROKERAGE OMNIBUS ACCOUNT,               )
JOHN B. CROOK, EMMETT F. RYAN,           )
PAUL KRAUSE, ROBERT KRAUSE,              )
WACHOVIA BANK, RONALD POMYKALA, ,     )
as trustee for Pomykala Pension and Profit Trust, )
RONALD POMYKALA, ALFRED K. TYLL,       )
TRACEY TYLL MEYER, JOE R. CLEVELAND,   )
CRT CAPITAL GROUP LLC, BRAZELON,        )
LESS & FELDMAN, P.C., JEFFREY LESS,      )
SECURITIES FORTRESS LIMITED              )
PARTNERSHIP, MARGARET M. HOOD,          )

DELPHI FOUNDATION, GENERAL MOTORS )
FOUNDATION INC., MOTORS INSURANCE )
CORP., NAVY EXCHANGE SERVICE )
COMMAND RETIREMENT TRUST, LC )
CAPITAL PARTNERS, LP, LC CAPITAL )
MASTER FUND LTD, SOUTHPORT )
PARTNERS L.P., SOUTHPORT MANAGEMENT )
PARTNERSHIP, LP, OCEANIC NEW WORLD )
TRUST, AGGRESSIVE CONSERVATIVE )
INVESTMENT, FUND L.P., LAMPE CONWAY )
& COMPANY, LLC, LC CAPITAL MASTER )
FUND LTD, RUMPERE CAPITAL TRADING )
PARTNERS LTD, RUMPERE CAPITAL, LLC, )
P. SCHOENFELD ASSET MANAGEMENT )
and DEEPHAVEN DOMESTIC CONVERTIBLE )
TRADING LTD )
                                    )
            Defendants, individually and )
            in their capacity as the )
            holders of beneficial interest )
            in the CareMatrix 6.25% )
            Convertible Subordinated )
            Notes or as agents for any )
            such beneficial holders and )
            as representatives of all those )
            similarly situated. )
_____)


## CLASS ACTION COMPLAINT
## OF CAREMATRIX CORPORATION TO AVOID
## PREFERENTIAL AND FRAUDULENT TRANSFERS
## <u>AND TO RECOVER TRANSFERRED PROPERTY</u>


Pursuant to Fed. R. Civ. P. 23, made applicable to this adversary-

proceeding by Rule 23 of the Federal Rule of Bankruptcy Procedure, plaintiff CareMatrix

Corporation ("Plaintiff" or "CareMatrix") files this complaint against Third Avenue

Value Fund, Third Avenue Real Estate Value Fund, Third Avenue Trust, MJ Whitman

LLC, MJ Whitman, Inc., Argent Classic Convertible Arbitrage Fund Limited Partnership,

Argent Financial Group, Inc., Argent Classic Convertible Arbitrage Fund (Bermuda)

L.P., Credit Suisse First Boston, First Boston Corporation, DLJ Securities Corporation, Salomom Smith Barney, Mellon Bank Corporation, Boston Safe Deposit and Trust, Bankers Trust, Bear Stearns, Custodial Trust Company, Barclays Capital, Inc., Barclays Global Investors, Lehman Brothers, Prime Brokerage Omnibus Account, John B. Crook, Emmett F. Ryan, Paul Krause, Robert Krause, Wachovia Bank, Ronald Pomykala, as trustee for Pomykala Pension and Profit Trust, Ronald Pomykala, Alfred K. Tyll, Tracey Tyll Meyer, Joe R. Cleveland, CRT Capital Group LLC, Bazelon, Less & Feldman, P.C., Jeffrey Less, Securities Fortress Limited Partnership, Margaret M. Hood, Delphia Foundation, General Motors Foundation Inc., Motors Insurance Corp., Navy Exchange Service Command Retirement Trust, LC Capital Partners, LP, LC Capital Master Fund LTD, Southport Partners L.P., Southport Management Partnership LP, Oceanic New World Trust, Aggressive Conservative Investment Fund L.P., Lampe Conway & Company LLC LC Capital Master Fund LTD, Rumpere Capital Trading Partners LTD, Rumpere Capital, LLC, P. Schoenfeld Asset Management, LLC and Deephaven Domestic Convertible Trading LTD ("Defendants"), individually and in their capacity as the holders of beneficial interest in the CareMatrix 6.25% Convertible Subordinated Notes or as agents for any such beneficial holders and as representatives of all those similarly situated pursuant to Sections 544, 547, 548, and 550 of title 11 of the United States Code (the "Bankruptcy Code") and applicable non-bankruptcy law, to avoid and recover certain transfers made to, or for the benefit of, the Defendants and alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This is a "core" proceeding as that term is defined in 28 U.S.C. §§ 157(b)(2)(A), (b)(2)(F), (b)(2)(H), and (b)(2)(O).

3.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

4.      Plaintiff, CareMatrix, is a Delaware corporation, with its principal place of business located at 120 Wells Avenue, Newton, Massachusetts.  It is the direct or indirect parent of a variety of affiliates (collectively "CareMatrix Entities"), which develop, manage and operate assisted living and other long term care facilities for the elderly.

5.      Defendant, Third Avenue Value Fund, is a Maryland corporation with a business address located at 767 Third Avenue, New York, NY 10017-2023.

6.      Defendant, Third Avenue Real Estate Value Fund, is a Maryland corporation with a business address located at 767 Third Avenue, New York, NY 10017-2023.

7.      Defendant, Third Avenue Trust, is a Delaware Foreign Business Trust with a business address located at 767 Third Avenue, New York, NY 10017-2023.

8.      Defendant, MJ Whitman LLC, is a limited liability company with a business address located at 767 Third Avenue, New York, NY 10017-2023.

9.      Defendant, MJ Whitman, Inc., is a corporation with a business address located at 767 Third Avenue, New York, NY 10017-2003.

10. Defendant, Argent Classic Convertible Arbitrage Fund Limited Partnership, is a limited partnership with a business address located at 591 West Putnam Avenue, Greenwich, CT 06830.

11. Defendant, Argent Financial Group, Inc., as the general partner of the Argent Classic Convertible Arbitrage Fund LP, is a corporation with a business address located at 591 West Putnam Avenue, Greenwich, CT 06830.

12. Defendant, Argent Classic Convertible Arbitrage Fund (Bermuda) L.P., is a limited partnership with a business address located at 591 West Putnam Avenue, Greenwich, CT 06830.

13. Defendant, Credit Suisse First Boston, is a corporation with a business address located at 11 Madison Avenue, 3rd Floor, New York, NY 10010.

14. Defendant, First Boston Corporation, is a corporation with a business address located at 11 Madison Avenue, New York, NY 10010.

15. Defendant, DLJ Securities Corporation, is a corporation with a business address located at 11 Madison Avenue, 3rd Floor, New York, NY 10010.

16. Defendant, Salomon Smith Barney, is a corporation with a business address located at 77 Water Street, 8th Floor, New York, NY 10043.

17. Defendant, Mellon Bank Corporation, is a corporation with a business address located at One Melon Bank Center – Room 1915, Fifth and Grant Street, Pittsburgh, PA 15258.

18. Defendant, Boston Safe Deposit and Trust, is a corporation with a business address located at The Boston Company, Inc., One Boston Place, Boston, MA 02108-4402.

19.     Defendant, Bankers Trust, is a corporation with a business address located at 665 Locust, Des Moines, IA 50304.

20.     Defendant, Bear Stearns, is a corporation with a business address located at Worldwide Headquarters, 383 Madison Avenue, New York, NY 10179.

21.     Defendant, Custodial Trust Company, is a corporation with a business address located at 101 Carnegie Ctr, Ste 301, Princeton, New Jersey 08540-6231.

22.     Defendant, Barclays Capital, Inc., is a corporation with a business address located at 222 Broadway, New York, NY 10038.

23.     Defendant, Barclays Global Investors, is a corporation with a business address located at 45 Fremont Street, San Francisco, CA 94105.

24.     Defendant, Lehman Brothers, Inc., is a corporation with a business address located at 3 World Financial Ctr., New York, New York, 10285.

25.     Defendant, Prime Brokerage Omnibus Account, is a corporation with a business address located at 31 West 52nd St., 5th Floor., New York, NY 10019.

26.     Defendant, John B. Crook, is an individual with a mailing address of P.O. Box 23926, Pleasant Hill, CA 94523.

27.     Defendant, Emmett F. Ryan, is an individual with an address located at 216 Pine Creek Avenue, Fairfield, CT 06430-6389.

28.     Defendant, Paul Krause, is an individual with a mailing address of P.O. Box 546346, Surfside, FL 33154-0346.

29.     Defendant, Robert Krause, is an individual with a mailing address of P.O. Box 546346, Surfside, FL 33154-0346.

30. Defendant, Wachovia Bank, is a national banking association with a business address located at 1525 West W.T. Harris Blvd., Charlotte, NC 28288-1151.

31. Defendant, Ronald Pomykala, as trustee for Pomykala Pension and Profit Trust maintains an address located at 4500-N Park Avenue N803, Chevy Chase, MD 20815-7230.

32. Defendant, Ronald Pomykala, is an individual with an address located at 4500-N Park Avenue N803, Chevy Chase, MD 20815-7230.

33. Defendant, Alfred K. Tyll, is an individual with an address located at 3845 So. Lake Drive, Boynton Beach, FL 33435-8543.

34. Defendant, Tracey Tyll Meyer, is an individual with an address located at 3845 So. Lake Drive, Boynton Beach, FL 33435-8543.

35. Defendant, Joe R. Cleveland, is an individual with an address located at 8710 Delmonico Ave., West Hills, CA 91304-1304.

36. Defendant, CRT Capital Group LLC, is a limited liability corporation with a business address located at 262 Harbor Drive, Stamford, CT 06902.

37. Defendant, Bazelon, Less & Feldman, P.C., as trustee for the Jeffrey Less Pension Plan, is a professional corporation with a business address located at 224 Locust Street, Philadelphia, PA 19106-3901.

38. Defendant, Jeffrey Less, is an individual with an address located at 224 Locust Street, Philadelphia, PA 19106-3901.

39. Defendant, Securities Fortress Limited Partnership, is a limited partnership with a business address located at 2824 Solomons Island Road #200, Edgewater, MD 21037.

40.     Defendant, Margaret M. Hood, is an individual with an address located at 908 Painters Crossing, Chadds Ford, PA 19317-9632.

41.     Defendant, Delphi Foundation, is an non-profit domestic corporation with a business address located at 5725 Delphi Drive, Troy, MI 48098.

42.     Defendant, General Motors Foundation Inc., is an non-profit domestic corporation with a business address located at 3044 West Grand Blvd., Detroit, MI 48202.

43.     Defendant, Motors Insurance Corp., is an corporation with a business address located at 3044 West Grand Blvd., Detroit, MI 48202.

44.     Defendant, Navy Exchange Service Command Retirement Trust, is a trust with a business address located at Fort Wadsworth, P.O. Box 129, Staten Island, NY 10305.

45.     Defendant, LC Capital Partners, LP, is a limited partnership with a business address located at 730 Fifth Avenue, Suite 2102, New York, NY 10019-4105.

46.     Defendant, LC Capital Master Fund LTD, is a limited partnership with a business address located at 730 Fifth Avenue, Suite 2102, New York, NY 10019-4105.

47.     Defendant, Southport Partners L.P., is a limited partnership with a business address located at P.O. Box AP-59213, Nassau, Bahamas.

48.     Defendant, Southport Partners, L.P. is a limited partnership with a business address located at 10 John Street, Southport, CT 06890-1437.

49.     Defendant, Southport Management Partnership LP, is a limited partnership with a business address located at 10 John Street, Southport, CT 06890-1437.

50.     Defendant, Oceanic New World Trust, is a limited partnership with a business address located at 10 John Street, Southport, CT 06890-1437.

51.     Defendant, Aggressive Conservative Investment Fund L.P., is a limited partnership with a business address located at 767 Third Avenue, 5th Avenue, New York, NY 10017-2023.

52.     Defendant, Lampe Conway & Company LLC, is a limited liability company with a business address located at 730 Fifth Avenue, Suite 2102, New York, NY 10019-4105.

53.     Defendant, LC Capital Master Fund LTD, is a limited liability company with a business address located at 730 Fifth Avenue, Suite 2102, New York, NY 10019-4105.

54.     Defendant, Rumpere Capital Trading Partners LTD, is a limited liability company with a business address located at 767 Third Avenue, New York, NY 10017-2023.

55.     Defendant, Rumpere Capital, L.P. is a limited liability company with a business address located at 1330 Avenue of the Americas, 34th Floor, New York, NY 10019.

56.     Defendant, P. Schoenfeld Asset Management, is a corporation with a business address located at 1330 Avenue of the Americas, 34th Floor, New York, NY 10019.

57.     Defendant, Deephaven Domestic Convertible Trading LTD, is a limited liability company with a business address located at 130 Cheshire Lane, Suite 102, Minnetonka, MN 55305-1052.

58.     Defendants also include all persons and entities similarly situated who were the initial transferees of the Avoidance Transfers (as defined below) or the entity for whose benefit the Avoidable Transfers were made and any immediate or mediate transferee of such initial transfer.

WLM\167203.6

59. CareMatrix brings this action against each of the above named Defendants in their capacities as the holders of a beneficial interest in the Notes (as defined below) or as the second holder thereof as agents for any such beneficial holder.

60. CareMatrix also brings this action against all persons and entities similarly situated who were the initial transferees of the Avoidance Transfers (as defined below) or the entity for whose benefit the Avoidable Transfers were made and any immediate or mediate transferee of such initial transfer.

## CLASS ALLEGATIONS

61. Plaintiff brings this action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Bankruptcy Procedure against the Defendants and all other persons and entities similarly situated (the "Class") who were the initial transferees of the Avoidance Transfers (as defined below) or the entity for whose benefit the Avoidable Transfers were made and any immediate or mediate transferee of such initial transfer.

62. While the exact number of Class members can only be determined by appropriate discovery, Plaintiffs believe that Class members number in the thousands. Thus, the members of the Class are so numerous that joinder of all members is impracticable.

63. The claims against the representative Defendants are typical of the claims against the members of the Class.

64. Defendants will fairly and adequately protect the interests of the Class members.

65. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the damages for which many individual Class members are liable may be relatively small, the expense and burden of individual litigation make

it virtually impossible for Plaintiff to seek redress for the wrongful conduct alleged against each member of the Class.

66.     Common questions of law and fact exist as to all Class members and predominate over any questions affecting solely in individual Class members.   Among the questions of law and fact common to the Class are:

a)     whether Defendants are liable under sections 544 and 550 of the Bankruptcy Code;

b)     whether Defendants are liable under sections 547 and 550 of the Bankruptcy Code;

c)     whether Defendants are liable under sections 548 and 550 of the Bankruptcy Code; and

d)     whether the members of the Class are liable for damages and, if so, what is the proper measure of such damages.

## FACTUAL BACKGROUND

### A.     Debtor's Bankruptcy Filing and Confirmed Plan of Reorganization

67.     On November 9, 2000 (the "Petition Date"), CareMatrix and nine of its affiliates, including CareMatrix of Massachusetts, Inc. ("CM/Massachusetts") and CMD Securities Corporation ("CMD"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.   Subsequently, on or about May 3, 2001, CareMatrix of Palm Beach Gardens (SNF), Inc., another of the CareMatrix Entities, commenced its voluntary case under Chapter 11 of the Bankruptcy Code.   CareMatrix and its various affiliates which filed Chapter 11 cases are referred to, collectively, as the "CareMatrix Debtors".

68.     The CareMatrix Debtors' cases were consolidated for procedural purposes only and jointly administered.

69.     On or about January 29, 2002, the Court entered an order confirming the Second Amended Modified Joint Plan of Reorganization under the Bankruptcy Code (the "Plan") filed by CareMatrix and seven of the CareMatrix Debtors (collectively, the "Reorganized Debtor").

70.     Among other things, the Plan[1] provides for the following with respect to the Plan Debtors:

a)      As of the Effective Date of the Plan, the Debtors and the Reorganized Debtors, for and on behalf of themselves and their estates, retain all Causes of Action, including those Causes of Action under Sections 510, 544, 547, 548, 550 and 553 of the Bankruptcy Code.

b)      "Causes of Action" shall mean, without limitation, any and all actions, causes of action, liabilities, rights, accounts, debts, sums of money, damages, judgments, claims and demands whatsoever, whether known or unknown, in law, equity or otherwise.

c)      On the Effective Date, by way of substantive consolidation, all assets (and all proceeds thereof) and liabilities of the Reorganized Debtors shall be merged or treated as though they were merged into and with the assets and liabilities of CareMatrix.

d)      Except as otherwise provided by the Plan, upon the Effective Date, title to all properties and assets dealt with by the Plan, including, without limitation, the Causes of Action, shall pass to Reorganized CareMatrix free and clear of all claims, liens, encumbrances and interests of creditors and of equity security holders.

e)      Except as expressly provided for in the plan, the Debtors and the Reorganized Debtor continued to maintain their separate corporate existence for all purposes other than the treatment of claims.

71.     On January 29, 2002, the Delaware Bankruptcy Court entered its Findings of Fact, Conclusions of Law and Order Under 11 U.S.C. § 1129(a) and (b) Confirming Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Further Modified (the "Confirmation Order").

72.     Among other things, the Confirmation Order provided for the following:

---

[1] Unless otherwise provided herein, capitalized terms shall have the same meaning as ascribed to them in the Plan.

a) As of the Effective Date, all assets (and all proceeds thereof) and liabilities of the [Plan] Debtors shall be deemed merged or treated as though they were merged into and with the assets and liabilities of CareMatrix;

b) Including, but not limited to the pursuit of Causes of Action, Reorganized CareMatrix will be deemed to be the representative of the Debtors pursuant to Section 1124 of the Bankruptcy Code with respect to the settlement and adjustment of any claim or interest belonging to the [Plan] Debtors or to their Estates; and

c) The property of the [Plan] Debtors' Estates shall not revest in the Debtors on or after the Effective Date but shall vest in Reorganized CareMatrix, to be administered by Reorganized CareMatrix until liquidated and distributed according to the terms of the Plan and the Confirmation Order.

73. The Effective Date of the Plan occurred on April 4, 2002. Thereafter, the right to pursue the claims and recover the property at issue herein vested in CareMatrix.

## B. The Payments, and Avoidable Transfers, to Defendants

74. Pursuant to that certain Convertible Subordinated Note Indenture dated August 15, 1997 entered into between CareMatrix and State Street Bank and Trust (the "Indenture Trustee"), CareMatrix issued 6.25% Convertible Subordinated Notes (the "Notes") in the aggregate amount of one hundred fifteen million dollars ($115,000,000.00).

75. The Notes, and the Indenture pursuant to which the Notes were issued, required that CareMatrix make semi-annual payments of interest of approximately $3.6 million on February 15 and August 15 of each year that the Notes were outstanding.

76. The first four installments of interest on the Notes were paid on or before their due dates and in accordance with the terms of the Notes and the Indenture (i.e., on February 11, 1998, August 12, 1998, February 9, 1999 and August 12, 1999).

77. The last two payments prior to the Petition Date (the "Avoidable Transfers") were due on February 9, 2000 and August 12, 2000. The Avoidable Transfers were made on March 14, 2000 and September 13, 2000.

WLM\167203.6

78.     The Avoidable Transfer to Defendants on or about March 14, 2000 in the aggregate amount of $3,593,718.75 (the "March Payment") was made within one year of the Petition Date by CMD.

79.     The Avoidable Transfer to the Defendants on or about September 13, 2000, in the aggregate amount of $3,593,718.75 (the "September Payment") was made within 90 days of the Petition Date by CM/Massachusetts.

## COUNT I

### (Avoidance of Preferential Transfer)

80.     CareMatrix incorporates herein by reference the allegations contained in paragraphs ___ through ___, above, as though fully set forth herein.

81.     To the extent of CareMatrix's interest in the September Payment made by CM/Massachusetts, the September Payment constituted the transfer of an interest of CareMatrix in such property.

82.     The September Payment was made to or for the benefit of creditors of CareMatrix.

83.     The September Payment was for or on account of antecedent debt owed by CareMatrix before the September Payment was made.

84.     The September Payment was made while CareMatrix was insolvent.

85.     The September Payment was made on or within 90 days of the Petition Date.

86.     The September Payment enabled Defendants to receive more than they would have received: (a) if the case were a case under Chapter 7 of the Bankruptcy Code; (b) the

September Payment had not been made; and (c) Defendants received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

87. The September Payment constituted an avoidable transfer pursuant to Section 547 of the Bankruptcy Code.

## COUNT II

### (Avoidance of Fraudulent Transfer)

88. CareMatrix incorporates herein by reference the allegation contained in paragraphs 1 through 17, with the same force and effect as if fully set forth herein.

89. The March Payment by CMD and the September Payment by CM/Massachusetts constituted transfers of their respective interests in property.

90. The March Payment by CMD and the September Payment by CM/Massachusetts were made within one year before the Petition Date.

91. CMD and CM/Massachusetts received less than equivalent value in exchange for such transfers to defendants.

92. CMD and CM/Massachusetts: (a) were insolvent on the dates that such transfers were made by them, or became insolvent as a result of such transfers; (b) were engaged in business or a transaction or transactions, or were about to engage in business or a transaction or transactions, for which any property remaining with CMD and CM/Massachusetts was an unreasonably small capital; and/or (c) intended to incur, or believed they would incur, debts that would be beyond their ability to pay as such debts matured.

93. The March Payment by CMD and the September Payment by CM/Massachusetts constituted fraudulent transfers pursuant to Section 548 of the Bankruptcy Code.

## COUNT III

**(Avoidance Pursuant to Section 544(b) and G.L. c. 109A of the Commonwealth of Massachusetts, § 5(a)(1))**

94.     CareMatrix incorporates herein by reference the allegations contained in paragraphs 1 through 17 and paragraph 27 through 31, with the same force and effect as if fully set forth herein.

95.     The March Payment by CMD and the September Payment by CM/Massachusetts constituted transfers of interests in their property that are voidable under applicable non-bankruptcy law, as fraudulent transfers or conveyances, by a creditor holding an unsecured claim that is allowable under Section 502 of the Bankruptcy Code or that is not allowable only under Section 502(e) of the Bankruptcy Code.

96.     The March Payment by CMD and the September Payment by CM/Massachusetts constituted transfers of the respective interests in property.

97.     The March Payment by CMD and the September Payment by CM/Massachusetts were made with the actual intent to hinder, delay and defraud the creditors of CareMatrix.

98.     The March Payment by CMD and the September Payment by CM/Massachusetts constitute avoidable transfers of their interest in property pursuant to Section 544(b) of the Bankruptcy Code and G.L. c. 109A of the Commonwealth of Massachusetts, § 5(a)(1).

WLM\167203.6

## COUNT IV

**(Avoidance Pursuant to § 544(b) and G.L. c. 109A of the Commonwealth of Massachusetts, § 5(a)(2))**

99.     CareMatrix incorporates herein by reference the allegations contained in paragraphs 1 through 17 and paragraph 27 through 31, with the same force and effect as if fully set forth herein.

100.     The March Payment by CMD and the September Payment by CM/Massachusetts constituted transfers of interests in their property that are voidable under applicable non-bankruptcy law, as fraudulent transfers or conveyances, by a creditor holding an unsecured claim that is allowable under Section 502 of the Bankruptcy Code or that is not allowable only under Section 502(e) of the Bankruptcy Code.

101.     The March Payment by CMD and the September Payment by CM/Massachusetts constituted transfers of the respective interests in property.

102.     CMD and CM/Massachusetts received less than equivalent value in exchange for such transfers to Defendants.

103.     CMD and CM/Massachusetts were engaged in business or a transaction or transactions, or were about to engage in business or a transaction or transactions, for which any property remaining with CMD and CM/Massachusetts was an unreasonably small capital.

104.     CMD and CM/Massachusetts intended to incur, or believe they would incur, debts that would be beyond their ability to pay as such debts matured.

105.     The March Payment by CMD and the September Payment by CM/Massachusetts constitute avoidable transfers of their interest in property pursuant to § 544(b) of the Bankruptcy Code and G.L. c. 109A of the Commonwealth of Massachusetts, § 5(a)(2).

## COUNT V

**(Avoidance Pursuant to § 544(b) and G.L. c. 109A of the Commonwealth of Massachusetts, § 5(a)(6))**

106.     CareMatrix incorporates herein by reference the allegations contained in paragraphs 1 through 17 and paragraph 27 through 31, with the same force and effect as if fully set forth herein.

107.     The March Payment by CMD and the September Payment by CM/Massachusetts constituted transfers of interests in their property that are voidable under applicable non-bankruptcy law, as fraudulent transfers or conveyances, by a creditor holding an unsecured claim that is allowable under Section 502 of the Bankruptcy Code or that is not allowable only under Section 502(e) of the Bankruptcy Code.

108.     The March Payment by CMD and the September Payment by CM/Massachusetts constitute transfers of the respective interests and property.

109.     CMD and CM/Massachusetts received less than equivalent value in exchange for such transfers to Defendants.

110.     CMD and CM/Massachusetts were insolvent at the time of the transfer or rendered insolvent because of the transfer.

111.     The March Payment by CMD and the September Payment by CM/Massachusetts constitute avoidable transfers of their interests in property pursuant to § 544(b) of the Bankruptcy Code and G.L. c. 109A of the Commonwealth of Massachusetts, § 6(a).

WLM\167203.6

## COUNT VI

### (Liability for Avoided Transfers)

112.     CareMatrix incorporates herein by reference the allegations contained in paragraphs 1 through 17, 19 through 25, 27 through 31 and 33 through 34, with the same force and effect as if fully set forth herein.

113.     To the extent that the March Payment by CMD and the September Payment are avoided pursuant to Sections 544, 547 and/or 548 of the Bankruptcy Code, such transfers, or their value, may be recovered from Defendants by CareMatrix for the benefit of its estate and the estates of CMD and CM/Massachusetts.

114.     Defendants are liable to CareMatrix on account of such transfers pursuant to Section 550(a) of the Bankruptcy Code in such amount as this Court may determine.

**WHEREFORE**, CareMatrix respectfully requests that this Court enter judgment in CareMatrix's favor and against Defendants:

(a)     On Count I of this Complaint, avoiding the September Payment as a preferential transfer under Section 547(b) of the Bankruptcy Code;

(b)     On Count II of this Complaint, avoiding the March Payment by CMD and the September Payment by CM/Massachusetts as fraudulent transfers pursuant to Section 548 of the Bankruptcy Code;

(c)     On Count III of this Complaint, avoiding the March Payment by CMD and the September Payment by CM/Massachusetts pursuant to Section 544(b) of the Bankruptcy Code and G.L. c. 109A of the Commonwealth of Massachusetts, § 5(a)(1);

(d)     On Count IV of this complaint, avoiding the March Payment by CMD and the September Payment by CM/Massachusetts pursuant to § 544(b) of the Bankruptcy Code and G.L. c. 109A of the Commonwealth of Massachusetts, § 5(a)(2);

(e)     On Count V of this complaint, avoiding the March Payment by CMD and the September Payment by CM/Massachusetts pursuant to § 544(b) of the Bankruptcy Code and G.L. c. 109A of the Commonwealth of Massachusetts, § 6(a);

(f)     On Count IV of this Complaint, awarding CareMatrix recovery of the March Payment by CMD and the September Payment by CM/Massachusetts pursuant to Section 550(a) of the Bankruptcy Code to the extent such transfers are avoided pursuant to Sections 544, 547 and/or 548 of the Bankruptcy Code;

(g)     Awarding CareMatrix judgment on all Counts of this Complaint for its damages as determined by this Court, plus interest and CareMatrix's costs and expenses, including attorneys' fees, in prosecuting this adversary proceeding; and

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

(h)     Granting CareMatrix such other and further relief as this Court deems just and proper.

 /s/ Michael Lastowski
Michael R. Lastowski (DE I.D. No. DE 3892)
William K. Harrington (DE I.D. No. 4051)
DUANE, MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, Delaware  19801-1246
Telephone:     302.657.4900
Facsimile:      302.657.4901
E-mail:           mlastowski@duanemorris.com
                      wkharrington@duanemorris.com

and

Paul D. Moore
DUANE, MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone:     617.289-9200
Facsimile:      617.289-9201
E-mail:           pdmoore@duanemorris.com

Attorneys for CareMatrix Corporation

Dated: November 8, 2002